## ZETTLER *vs.* THE CITY OF ATLANTA.

66   195
116   888

Where one voluntarily leaves a safe, convenient and well-lighted sidewalk, and after proceeding several feet therefrom, falls into an excavation, the municipal corporation is not liable therefor; and on such evidence a non-suit will be awarded. *Aliter,* if the excavation was so near the sidewalk that from the ordinary accidents of travel one would be liable to fall into it while pursuing the ordinarily traveled way.

Damages. Negligence. Municipal corporations. Roads and bridges. Non-suit. Before W. R. HAMMOND, Esq., Judge *pro hac vice.* Fulton Superior Court. March Term, 1880.

Reported in the decision.

LANIER & ANDERSON; Z. D. HARRISON; S. N. CONNALLY, for plaintiff in error.

W. T. NEWMAN, for defendant.

CRAWFORD, Justice.

Zettler, the plaintiff in error, whilst passing along the sidewalk on Washington street, in the city of Atlanta, at night, voluntarily left the same, and after having gone about eight feet therefrom, fell into an excavation ten or twelve feet deep, broke his leg, and then sued the city for $10,000.00 damages.

Upon the trial of the case, the testimony submitted by the plaintiff was, that the cellar into which he fell was on a vacant lot belonging to the second Baptist church, which lot is between the church and the residence of Mr. Werner, who was a member of the city council at the time of the accident.

The light from the street lamp threw a shadow of the church building on the *vacant lot,* so that the plaintiff could not see the excavation, which had existed there for

six months, and was known to the defendant.    There was no fence protecting the same, but to reach it one would have to leave the sidewalk, which was in good condition and clearly lighted by the street lamp, and no person whilst passing along the sidewalk was in any danger of falling over into this excavation.

Upon this evidence the defendant moved a non-suit, which was granted by the court, and the plaintiff excepted.

It is insisted on the argument that the court committed error in not sending the case.to the jury.

In our judgment, this depends upon whether the plaintiff, under the facts proven. and the law applicable thereto, would be entitled to his damages.

A non-suit should always be awarded where the judge would set aside a verdict, if found for the plaintiff, for the want of sufficient evidence to support the same.    In this case, then, should the city be held liable to respond to the plaintiff in damages for the injury which he sustained? It is the duty of municipal corporations to keep their streets and sidewalks in such condition as would be reasonably calculated to insure the safety of those who travel thereon by day or by night.    Wherever this has been done, and damage ensues without any fault on the part of the city authorities, then they cannot be held liable.

The rules of law on this subject seem to be well settled, both by the adjudicated cases and the elementary authorities.

" If one without necessity, either for his pleasure or his convenience, deviates from the traveled track, it being in good condition, and in so doing meets with an accident from some cause outside of such track, the town will not be liable for the resulting damages.    But if the track is obstructed or dangerous, making it necessary to deviate therefrom, and in doing so one is damaged who uses ordinary care to avoid it, the town would be liable for the accident caused by the obstruction.    But chasms, excavations and cellars, which are *so near* the street, sidewalk

Zettler *vs.* The City of Atlanta.

or highway, that combining with the ordinary accidents of travel, one would be liable to fall in while pursuing the ordinary traveled way, would render the authorities liable." Thompson on Negligence. Vol. 2, 769, 770, 771.

" Where one, while straying outside the limits of a highway when the same is safe and convenient to travel on, is damaged, the town is not liable therefor. Nor are towns obliged to maintain fences to prevent travelers from straying out of the highway lest they should be damaged." Shear & ·Red. on Neg., §389.

Taking these principles of law and applying the facts thereto, we think that the plaintiff did not make out a case against the city. It is admitted that the sidewalk was good, that the street lamp threw its light fully upon it, that there was no obstruction or danger therein making it necessary for the plaintiff to deviate therefrom, but that he knowingly and with intent abandoned it, obscured himself from the rays of the lamp placed there to guide his footsteps, and by his own voluntary act sought darkness rather than light, and after walking several feet therein fell into the pit.

Had this excavation been near enough to the sidewalk for an accidental deviation, or an unintentional misstep to have caused the injury, then the case would have been such as to make the corporation liable.

But it is said that this question should have been left to the jury and not have been decided by the judge. It is the duty of a judge to see to it, that none but just and lawful verdicts *stand* in his court, and promptly to set aside all such as are not warranted by law; he is responsible for their legality, and when they pass into a judgment the presumption is that they meet his judicial sanction. Hence, a non-suit should be awarded where the facts and law will not justify a verdict.

Judgment affirmed.