SAMUEL C. RAY *vs.* CITY OF ST. PAUL.

May 13, 1889.

**Municipal Corporation—Street Defects.**—The city of St. Paul deposited, and permitted others to deposit, refuse material in the Mississippi river, close to and adjoining the end of a graded public street, so that the deposit appeared to be a prolongation and part of the street, and the same was dangerous to any one stepping thereon. *Held*, that the city might be guilty of such negligence in the premises as to render it liable to any one injured by stepping on the deposit.

Appeal by defendant from an order of the district court for Ramsey county, *Brill,* J., presiding, overruling its demurrer to the complaint.

*W. P. Murray,* for appellant.

*I. V. D. Heard,* for respondent.

GILFILLAN, C. J. The substance of the complaint is that the city deposited, and permitted others, in violation of its own ordinances, to deposit garbage, snow, ice, and other refuse material in the Mississippi river, close to and adjoining the end of Sibley street, a public graded street of the city, which terminates at the river, so that the deposit appeared to be a prolongation of the street, and a part thereof, but which was dangerous to any person stepping thereon, and that plaintiff, without any negligence on his part, supposing said deposit to be a part of Sibley street, stepped upon it, and, by reason of its dangerous character, was thrown down, and his leg broken. This appeal is from an order overruling a demurrer to the complaint.

It is undoubtedly true that a municipal corporation, having the duty of keeping public streets in repair and safe condition, is not bound to go beyond their limits for the purpose, nor is it generally bound to erect railings to prevent travellers straying off the street to adjoining land upon which there may be dangerous places; but it is bound to provide such guards where the street itself is unsafe for travel by reason of the close proximity of excavations, embankments, deep water, etc. *City of St. Paul* v. *Kuby,* 8 Minn. 125, (154,) was such a case. That was the case of a sidewalk, along one side of which was a dangerous declivity outside the limits of the street. This court sustained a finding that the city was liable for negligence in not having a sufficient railing along the sidewalk. Of course it could make no difference in the principle controlling that the dangerous place is at the end instead of alongside of the street, if the nearness of the dangerous place renders the street unsafe for public use. And certainly the case of the city is not any better from the fact that it contributed to create the dangerous place, and, by making it appear to be a part of the street, rendered the use of the street unsafe. The demurrer was properly overruled.

Order affirmed.