VICTOR M. SUTPHEN, an Infant, by CHARLES J. SUTPHEN, his Guardian ad Litem, Respondent, *v.* THE TOWN OF NORTH HEMPSTEAD, Appellant.

*Construction and maintenance of highways — a highway commissioner's responsibility to bicycle riders — contributory negligence.*

Reasonable care in the construction and maintenance of highways is the measure of duty resting upon the highway commissioner of a town, and municipalities are not liable for injuries resulting from accidents which are not, by the exercise of reasonable forethought and prudence, to be anticipated.

A commissioner of highways owes no larger measure of duty to bicycle riders than to persons traveling upon the highways on ordinary vehicles; he is only bound to keep the highways in a condition which is reasonably safe for general and ordinary travel.

The fact that a gutter was constructed on a country highway, two and one-half feet below the crown of the road, with a vertical side of a foot or eighteen inches next to the roadway, with no rail or guard erected between the gutter and the road, does not render the road unsafe for travel in ordinary vehicles, and on foot, where the highway was twenty-five feet wide, in good order, and safe for the ordinary use of a highway.

When a bicycle rider fails to observe conditions which are open to his observation, and which he could have seen if he had looked, if an accident results therefrom he is guilty of such carelessness as deprives him of the right to recover for his injuries.

APPEAL by the defendant, The Town of North Hempstead, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Queens on the 11th day of November, 1893, upon the verdict of a jury, rendered after a trial at the Queens County Circuit, and also from an order entered

SECOND DEPARTMENT, JULY TERM, 1894. [Vol. 80.

in said clerk's office on the 23d day of November, 1893, denying the defendant's motion for a new trial.

*A. Britton Havens,* for the appellant.

*Harrison S. Moore,* for the respondent.

BROWN, P. J.:

The accident which resulted in the plaintiff's injuries occurred upon a public highway in the town of North Hempstead about sundown on an evening in August, 1892.

The highway ran east and west on a hill upon the top of which it passed through a deep cut. A gutter or ditch existed upon the side of the road to carry off the surface water.

Shortly before the accident the commissioner of highways had deepened the ditch, and at the place of the accident the bottom was about two and one-half feet below the crown of the road. The side next to the beaten track was cut down vertically about a foot or eighteen inches. The beaten track of the road was about twenty-five feet wide and extended right up to the side of the gutter and was in good condition.

The soil was sandy, and the wheels of vehicles passing over it sank into it a few inches. There was no sidewalk, and pedestrians walked along the edge of the road nearest the gutter, and as a result of this the surface there was packed harder and the road was smoother than elsewhere.

The plaintiff, a lad between twelve and thirteen years of age, was riding a bicycle, and finding that his machine cut into the soft sand in the middle of the road, he turned into the smooth track near the gutter and rode within a few inches of the vertical side. The front wheel cut through the soft earth, and the side of the gutter giving way he was thrown from his machine and received the injuries complained of. There was nothing to obscure from plaintiff's view the gutter, or the manner of its construction, and he testified that there was light enough for him to see the road, and that he could have seen the gutter if he had looked at it. In our opinion the town was not chargeable with negligence upon the facts stated, and the complaint should have been dismissed. The gutter into which plaintiff fell was not an obstruction in the highway, but was constructed to

carry off the surface water flowing from the hill, and thus keep the road in a proper condition for travel, and no negligence can be imputed to the commissioner of highways from the fact of its existence.

No claim is made that the road itself was not in good order and safe for the ordinary use of a highway in the country. It was of ample width for all kind of travel, and the injury which plaintiff received was primarily due to the fact that he rode his vehicle so near to the gutter that the wheel cut through the soft ground and caused his fall. Reasonable care in the construction and maintenance of highways is the measure of duty resting upon the highway commissioner of the town, and municipalities are not liable for injuries the result of accidents which are not by the exercise of reasonable forethought and prudence to be anticipated. The case is within the rule applied in *Hubbell* v. *City of Yonkers* (104 N. Y. 434) and *Glasier* v. *Town of Hebron* (131 id. 447).

The negligence of which it is claimed the commissioner was guilty was, *first*, constructing the gutter with a vertical side next to the roadway, and, *second*, omitting to erect a rail or guard between the gutter and the road. The highway was not dangerous to persons using it with ordinary vehicles by reason of either of these facts. It was twenty-five feet wide, a space on which four wagons could stand abreast, and there was no occasion for any one to ride upon the extreme edge of the road near the gutter, and the fact that the soil was soft, into which a wheel would sink, counteracted any damage which might have existed if the vertical edge of the gutter had been cut through solid material. The accident which happened to the plaintiff was unusual and incidental to the character of the vehicle he was riding. It was not one within the anticipation or apprehension of a reasonable, prudent man, and there was, therefore, no occasion for extraordinary precautions to prevent it. It cannot be successfully claimed that a larger measure of duty on the part of the commissioners of highways is due to bicycle riders than to persons traveling upon the road in ordinary vehicles. It is apparent that a bicycle rider upon an ordinary country road is exposed to greater dangers than a person riding in a wagon, and the great increase in the number of persons using these vehicles has created a demand for better and safer roads, but under the present highway

laws a road in a condition which is reasonably safe for general and ordinary travel is all that the commissioners of highways are bound to maintain.

The road in question was safe for travel in ordinary vehicles and on foot, and the evidence did not in our opinion permit the conclusion by the jury that the defendant was negligent in its construction and maintenance.

The plaintiff was guilty of contributory negligence.

In his desire to find that part of the road best suited to his mode of travel, he rode so near the edge of the gutter as to cause the accident. He failed to observe conditions which were open to his observation, and which he could have seen if he had looked, and was therefore, guilty of such carelessness as to deprive him of the right to recover for his injuries. (*Weston* v. *City of Troy*, 139 N. Y. 281.)

The judgment must be reversed and a new trial granted, with costs to abide the event.

DYKMAN and CULLEN, JJ., concurred.

Judgment and order reversed and new trial granted, costs to abide the event.