ANNA TARRAS v. CITY OF WINONA.[1]

December 27, 1897.

Nos. 10,864—(223).

Negligence—Elevated Road without Railing—Personal Injury—Liability of City.

A public road leading from the city into the country, in passing through the outskirts of the city, crosses a low tract of land on an embankment 33 feet wide and seven feet high. There was nothing along the highway which was ordinarily likely to frighten horses or make them unmanageable. Plaintiff's horse, which she was driving, stopped, backed up and

1 Reported in 73 N. W. 505.

precipitated her and the wagon in which she was riding over the embankment. In an action against the city to recover damages for the injury resulting therefrom, it is *held*, as a question of law, that the city is not guilty of negligence in failing to maintain railings or other barriers along the sides of this embankment, and that plaintiff cannot recover.

Appeal by defendant from an order of the district court for Winona county, Snow, J., denying its motion for a new trial after a verdict for $3,000 in favor of plaintiff. Reversed.

*Geo. T. Simpson* and *O. B. Gould*, for appellant.

*H. M. Lamberton* and *Brown & Abbott*, for respondent.

CANTY, J.

Leading from the business center of Winona, out into the country, is a public street or road. As it passes through the outskirts of the city it extends for a distance of 2,650 feet across a low tract of land, and this portion of the road is upon an embankment seven feet high and 33 feet wide at the top. Each side of the embankment is protected by a stone riprap or sloping wall, which has a slope of three feet inward in a height of seven feet. A stream of water, diverted from its natural channel, flows along one side of the road in a ditch at the foot of the riprap. The road, as laid out, is 66 feet wide, and the whole 33 feet in width of the top of the embankment was at the time in question smooth and without ruts, and was all used as a roadway for teams and vehicles.

At the time in question plaintiff, with her two children, was riding along the road in a light one-horse wagon, and she was driving the horse hitched to the wagon, when suddenly, without any apparent cause or reason therefor, the horse stopped and commenced to back up. He backed the wagon and its occupants off over the side of the embankment into the water in the ditch, whereby plaintiff was injured.

This action was brought to recover from the city damages for the injury, under the claim that the city was negligent in failing to place a railing, fence or other barrier along the edge of the embankment, so as to keep horses and vehicles from running or going off over the side of the same. On the trial plaintiff had a verdict, and from an order denying a new trial defendant appeals.

We are of the opinion that, as a question of law, the city was not guilty of negligence in failing to place a railing, fence or barrier along each or either side of this embankment. If it were held otherwise, it would require every embankment and every precipitous place along every country road to be fenced off by a sufficient barrier. To maintain such barriers at all such places would entail great and unreasonable expense on the taxpayers. It cannot be held that the public authorities are negligent in failing to fence off such a place by such a barrier, unless the place is peculiarly dangerous, as where the roadway is narrow and the sides precipitous, or where there is something along the side of the highway which it should be foreseen is ordinarily likely to frighten horses, and result in precipitating them or the vehicle over the dangerous place, as, for instance, passing railroad trains.

Thus, where a bridge is left without railings along each side, and a horse takes fright from looking down off one side of the bridge, and shies off to the other side, and precipitates himself or the vehicle over the same, it may be a question for the jury whether or not it was negligence to leave the sides of the bridge unguarded. Again, it may be negligence to leave the steep or precipitous sides of a street unguarded in the populous portion of a city or village, when it would not be negligence to leave them unguarded in the less populous portion. In McHugh v. City, 67 Minn. 441, 70 N. W. 5, we held, as a question of law on the facts in that case, that the city was not negligent in failing to place a railing or barrier along the steep or precipitous side of a street.

The road here in question runs through an uninhabitated, low tract of land, and cannot be regarded as anything but a country road leading into the city. The roadway on the top of the embankment was wide, and there was nothing along the road which would ordinarily be likely to frighten horses or make them unmanageable. True, the road was much traveled, but that alone cannot change the result. This disposes of the case.

The order appealed from is reversed, and a new trial granted.