EMIL TARRAS v. CITY OF WINONA.

June 21, 1899.

Nos. 11,576—(160).

### City of Winona—Negligence—Tarras v. City Followed.

On the evidence submitted at the trial of an action brought by the husband to recover for the loss of his wife's services, etc., on account of the injuries received by her in the accident considered in Tarras v. City of Winona, 71 Minn. 22, it is again *held*, as a question of law, that the defendant city was not negligent when failing to erect and maintain railings or other barriers along the sides of the embankment.

Action in the district court for Winona county to recover $10,000 damages for loss of services of plaintiff's wife and expenses incurred as a result of injuries resulting from defendant's negligence. The case was tried before Snow, J., who directed a verdict in favor of defendant; and from an order denying a motion for a new trial, plaintiff appealed. Affirmed.

*Henry M. Lamberton* and *Brown & Abbott*, for appellant.

*Geo. T. Simpson*, City Attorney, and *O. B. Gould*, for respondent.

COLLINS, J.

Plaintiff's wife was injured while driving a horse upon a public highway in defendant city, and in her own behalf brought an action to recover damages, claiming that the city was negligent in failing to erect and maintain railings or other barriers along the sides of an embankment built upon this highway. Plaintiff also commenced an action to recover for the loss of his wife's services, and for expenses incurred by him for medical attendance, on account of the accident. On appeal to this court it was held in the first-mentioned case, as a question of law, that defendant city was not guilty of negligence, and that the wife could not recover. Tar-

ras v. City of Winona, 71 Minn. 22, 73 N. W. 505. When this action was brought on for trial, and at the close of plaintiff's testimony, the jury was instructed to return a verdict for defendant, and such a verdict was returned. Plaintiff appeals from an order denying his motion for a new trial.

When directing a verdict, the learned trial court stated that there was no substantial difference between the testimony on which was based the claim of negligence as given at the trial of the action brought by the wife and as given at the trial then pending, and, further, that in the latter there had simply been an "amplification of the showing of the amount of traffic over the road." We quite agree with the trial court. The plaintiff's counsel did produce much more testimony as to the extent of the travel upon this particular highway, and did also detail the kind of travel, and the peculiarities of the same. But all of this merely tended to establish it as a well-traveled country road leading into the city, and, as might be expected, that there was much variety in the vehicles used, and the purposes for which used, as well as in the pedestrians who, for many and diverse reasons, had occasion to travel upon it. That it was a much-traveled highway, and within the city limits, appeared in the record of the former case. This being the fact, it was to be inferred, even if it had not been shown, that all sorts of business would be represented in the traffic over it, and that all classes of people might be expected to frequent it. The circumstances and conditions presented by plaintiff's bill of exceptions show no substantial difference in the cases on the evidence, and all of the reasons given for holding, as a question of law, that the defendant city was not negligent in failing to fence the sides of the embankment are as pertinent and potent in this case as they were in the other. This disposes of the appeal.

Order affirmed.