ISAAC C. KING, Respondent, *v.* THE VILLAGE OF FORT ANN, Appellant.

HIGHWAYS — NEGLIGENCE — WHEN VILLAGE IS NOT LIABLE FOR INJURIES CAUSED BY TRAVELER DRIVING INTO HOLE IN DITCH ALONG WELL-GRADED HIGHWAY OF REASONABLE WIDTH. Where the roadway, or traveled part, of a country road, or highway, running through a small incorporated village, is about eighteen feet wide, well graded and in good condition, with a grass plot six or seven feet wide between the edge of the roadway and a ditch running parallel therewith for the purpose of carrying off water, the village is not liable for injuries sustained by a traveler driving, upon a dark night, into a hole in such ditch caused by a drain discharging water into it, since a municipality is not liable for all accidents occurring in consequence of the voluntary act, or mistake, of a traveler in leaving that part of a highway which, to a reasonable width, has been graded or prepared for use, to travel upon a part not intended for use.

*King* v. *Village of Fort Ann*, 90 App. Div. 617, reversed.

(Argued January 27, 1905; decided February 21, 1905.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered Janu-

ary 19, 1904, affirming a judgment in favor of plaintiff entered upon a verdict and an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*James H. Bain* for appellant. The plaintiff has failed to establish a cause of action against the defendant, and the motion for nonsuit made by defendant should have been granted, and also the motion for a new trial should have been granted. (*Shepherdson* v. *Colerain*, 13 Metc. 55 ; *Howard* v. *No. Bridgewater*, 16 Pick. 189 ; *Keith* v. *Easton*, 2 Allen, 553 ; *Kellogg* v. *Northampton*, 4 Gray, 65 ; *Smith* v. *Wendell*, 7 Cush. 498 ; *Dickey* v. *M. T. Co.*, 46 Me. 483 ; *Ireland* v. *O. H. & S. P. R. Co.*, 13 N. Y. 531 ; *Lane* v. *Town of Hancock*, 142 N. Y. 510 ; *Hubbell* v. *City of Yonkers*, 104 N. Y. 434 ; *Grant* v. *Town of Enfield*, 11 App. Div. 358.)

*Frank Talbot* for respondent. The jury had a right to find that the defendant had failed to discharge its duty of keeping its streets in a reasonably safe condition for public travel. (*Dorn* v. *Town of Oyster Bay*, 84 Hun, 510 ; 158 N. Y. 731 ; *Hyatt* v. *Trustees of Rondout*, 44 Barb. 385 ; *Monk* v. *Town of New Utrecht*, 104 N. Y. 552 ; *W. I. B. Co.* v. *Barrett*, 12 N. Y. S. R. 194, 197 ; *Fay* v. *Town of Lindley*, 33 N. Y. S. R. 539 ; *Turner* v. *City of Newburg*, 109 N. Y. 301 ; *Beltz* v. *City of Yonkers*, 148 N. Y. 67 ; *Jewhurst* v. *City of Syracuse*, 108 N. Y. 303 ; *Sweet* v. *City of Poughkeepsie*, 97 App. Div. 82 ; *Warner* v. *Vil. of Randolph*, 18 App. Div. 458 ; *Maxim* v. *Town of Champion*, 50 Hun, 88 ; 119 N. Y. 626.) None of defendant's exceptions based upon the charge of the court present reversible error. (*Pool* v. *M. S. Ry. Co.*, 83 App. Div. 235 ; *N. M. L. Ins. Co.* v. *M. Nat. Bank*, 122 U. S. 501 ; *R. G. W. R. Co.* v. *Leak*, 163 U. S. 280 ; *T. & P. R. Co.* v. *Cody*, 166 U. S. 606 ; *Holbrook* v. *N. & S. R. R. Co.*, 12 N. Y. 236 ; *Moody* v. *Osgood*, 54

32

N. Y. 488; *Morehouse* v. *Yeager*, 71 N. Y. 594; *Rexter* v. *Starin*, 73 N. Y. 601; *Dunn* v. *Hornbeck*, 72 N. Y. 80; *Conley* v. *Meeker*, 85 N. Y. 618.)

O'BRIEN, J.  The plaintiff recovered a small verdict against the defendant for personal injuries which he received on September 27th, 1902, while driving along one of the streets of the defendant in a westerly direction to the home of a friend who lived some distance beyond.  The night was dark and the plaintiff was driving a team, consisting of two horses, and a wagon.  The plaintiff was engaged in the business of peddling gloves through the country in that vicinity.

The decision of the court below was not unanimous and so this court is at liberty to review not only the exceptions taken at the trial, but the question whether the verdict is supported by any evidence.  The defendant is a village corporation having a population of about four hundred and fifty people. While the highway in question and upon which the accident occurred is within the corporate limits of the village, it was practically nothing but a country road.  It had four houses on one side of it and five on the other.  At the point in question the roadway is in good condition, the traveled portion being about eighteen feet wide and well graded.  Between the graded part of the road and the ditch or gutter where the accident occurred there is a plot of grass from six to seven and a half feet wide.  It appeared that the plaintiff's team left the traveled part of the road and was proceeding upon the side of the road where there was a ditch, and about one hundred feet from the point where it left the roadway one of the fore wheels of the plaintiff's wagon dropped into a gutter, ditch or hole on the side of the road.  It seems that in the ditch or side of the road where the plaintiff drove his team there was a hole, which the witnesses describe as about thirty-four inches deep, into which one of the wagon wheels ran. The plaintiff was thrown out of the wagon and sustained injuries which, though not permanent, were substantial.  On each side of the highway where the accident occurred were

farms, and along the south side a rural cemetery, and the accident occurred opposite the cemetery.

The evidence tended to show that the ditch and the hole, into which the wheel of the plaintiff's wagon ran, was caused by the fact that at that point there was a drain and sewer from which water was discharged and carried off farther on through the ditch. The evidence showed that in the construction of highways in the country places it is necessary to provide ditches or drains upon the sides of the highways, and that the highway in question was so constructed.

At the close of the plaintiff's case the defendant moved for a nonsuit, upon the ground that the plaintiff had failed to prove a cause of action, or to show that the defendant was guilty of negligence, or that the plaintiff was not guilty of contributory negligence, and on other grounds. The motion was denied, and the defendant excepted. This motion was renewed at the close of the whole case and denied, to which an exception was taken, and the court submitted the case to the jury. There is no dispute about the fact that the roadway itself was perfectly safe and in good condition, and if the defendant is to be held liable it must be upon the theory that it was its duty not only to keep the roadway in good condition, but also the whole space between the lines of the highway. In other words, it was bound to see to it that there were no ditches, holes or other obstructions on either side of the roadway. There is no dispute about the fact that the accident occurred in consequence of the plaintiff's act in leaving the traveled road and allowing his team to travel for one hundred feet upon the side of the road when he came in contact with the ditch and the hole into which one of the wheels of his wagon ran. The question is whether the officers of the defendant, in the exercise of ordinary care, were bound to anticipate and guard against such an accident as this. If so, there are very few country roads that can be held to be reasonably safe, since the traveler who leaves the roadway and uses the side of the road where ditches and gutters are prop-

erly constructed may be permitted to recover for personal injuries resulting from the situation.

In *Ireland* v. *Oswego, H. & S. P. R. Co.* (13 N. Y. 526, 531) this court said: "It is unquestionably true that neither the highway officers of the towns or the directors of plank road companies are required to grade the whole space within the limits of the highway, so that a traveler can safely drive his carriage over every part of it. In ordinary cases, if they provide a pathway for carriages of suitable width, and so define it as that there shall be no reasonable danger of its being mistaken, they will not be in fault if a traveler chooses to try and experiment upon the part which is not thus prepared for traveling." It appears to us that in the case at bar the defendant met and performed all the duties that it owed to the public, within the principle of the rule thus stated.

The evidence does not show why, or for what reason, the plaintiff allowed his team to leave the roadway, which was perfectly safe, and proceed upon the side of the road which was not safe. Doubtless, it was a mistake on his part, due, possibly, to the darkness of the night, but it was a mistake which the defendants' officers were not bound to anticipate or guard against. It is one of those unfortunate accidents that frequently happen upon country highways to travelers in the night; but to hold that the town or the village, or the public authorities, are to be held responsible in pecuniary damages for such an accident would impose upon them a burden quite serious, if not absolutely unjust. The limit of duty on the part of a town or village with regard to the condition of its highways falls far short of making them in all respects absolutely safe under all circumstances, even for those who use them properly. (*Lane* v. *Town of Hancock*, 142 N. Y. 510, 516; *Hubbell* v. *City of Yonkers*, 104 N. Y. 434.) The drain, ditch or gutter where the accident happened was separated from the roadway by a space of between six and seven and a half feet wide. There was a grass plot between the ditch and the roadway, and a good traveled track eighteen feet wide in perfect condition, so that, as we think, danger was not reason-

ably to be expected. According to common experience no accident of the kind that befell the plaintiff was liable to happen, and the evidence showed that no accident of this character had ever happened there before. It is in general the duty of a traveler to remain in the traveled track of the road or that part of the highway which, to a reasonable width, has been graded or prepared for that purpose, and if he voluntarily deviates from the roadway thus prepared and meets with an accident from some cause outside of the traveled track the municipality ought not to be responsible for any damage or injury he may thus sustain. If the law were otherwise it would follow that a municipality would be liable for all accidents occurring in consequence of the voluntary act or mistake of a traveler in leaving the roadway to travel upon that part not intended for his use.

The defendant's counsel requested the court to charge the jury as follows:

(1) "If you find that the village of Fort Ann graded and made safe for travel a roadway for carriages, of suitable width and so defined that there should be no risk or danger of mistaking it, then the defendant is not liable for plaintiff's injury."

(2) That if the defendant "constructed a traveled track of sufficient width and kept it safe, it is not liable for anything outside of the track into which the plaintiff strayed without necessity."

(3) That if the jury "find that the highway in question had been maintained in a manner similar to that of the other public highways in adjoining country places, and with a roadway suitable for use by carriages, and was not unsafe or unsuitable for travel, then they should find for the defendant." The court refused to charge any of these requests and the defendant's counsel took an exception to the refusal to charge each proposition.

We think that the defendant was entitled to have at least the first proposition charged. It was, as we think, a correct statement of the rule of law governing the duties and liabil-

ities of the defendant with respect to the highway, and the refusal to charge it left the jury without any clear guide in that respect. It is not necessary to deal with the exceptions taken to the refusal to charge the other two requests or with the exceptions that were taken in the progress of the trial.

The judgment should be reversed and a new trial granted, with costs to abide the event.

CULLEN, Ch. J., GRAY and HAIGHT, JJ., concur; BARTLETT, J., concurs in result; VANN, J., dissents; WERNER, J., absent.

Judgment reversed, etc.