# E. M. NEIDHARDT v. CITY OF MINNEAPOLIS.[1]

August 19, 1910.

Nos. 16,670—(218).

**Grading rural ways.**

A municipality is not required to exercise the same care in grading and constructing a rural way as when improving a street in the populous portions of the city.

**Same — width of roadway.**

In improving and maintaining such roadways the city is not required to grade or improve to the entire width of the highway.

**Same — covered culvert.**

A covered culvert, extending across a rural driveway and ending abruptly seven and one-half feet beyond the line of the way improved for travel, ordinarily would not be held negligent construction.

**Question of negligence for the jury.**

In this instance the culvert was placed at a part of the driveway which was crossed by a substantial bridge. This and other circumstances surrounding the place made defendant's negligence a question for the jury.

**Proximate cause of injury.**

Where one upon a highway is forced off to the side of the traveled way by a rapidly approaching vehicle, and is injured by falling into an opening upon the side of the traveled way, the negligence, if found, in leaving the opening unguarded, was the proximate cause of the injury.

**Negligence of pedestrian.**

It is not, as between a pedestrian and the municipality, negligence as a matter of law to walk upon the left side of a street or driveway, nor, for the purpose of avoiding a rapidly approaching vehicle, to turn to the left.

Action in the district court for Hennepin county to recover $5,000 for personal injuries sustained in the nighttime by falling into a hole

[1] Reported in 127 N. W. 484.

[Note]   Liability of municipal corporation for defects or obstructions in streets, see note to Elam v. Mt. Sterling (Ky.) 20 L.R.A. (N.S.) 513.

in Minnehaha boulevard, under the bridge on Nicollet avenue. The complaint alleged the existence of the hole for a long time to the knowledge of defendant city and that the injury occurred without contributory negligence on the part of plaintiff. The answer expressly denied that plaintiff had been damaged in the sum of $5,000, or in any sum whatever, and alleged that if she met with an accident, it was occasioned by her own negligence.

The bridge mentioned in the opinion is about twenty-five feet above the parkway. It is situated five and one-fourth miles from the center of defendant city and about one thousand fifty feet from the southern boundary of the city. The locality is more or less wooded. The travel on the boulevard is mostly pleasure travel. There is comparatively little foot travel. The other facts are stated in the opinion.

The case was tried before Simpson, J., and a jury which returned a verdict in favor of plaintiff for $2,250. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, it appealed. Affirmed.

*Frank Healy,* City Attorney, *A. C. Finney* and *Clyde R. White,* Assistant City Attorneys, for appellant.

*Larrabee & Davies,* for respondent.


O'BRIEN, J.

Plaintiff had a verdict because of personal injuries sustained upon a public driveway in Minneapolis under the following circumstances: Minnehaha boulevard, of the park system of the city, intersects Nicollet avenue at right angles. The park driveway following the windings of Minnehaha creek crosses Nicollet avenue under a substantial bridge twenty-five feet high, which forms the continuation of the avenue. The water from the street is conducted to a drain beneath the bridge, and by the drain to a culvert crossing the park driveway beneath its surface, and thence to the creek. The drain is midway between the lines of Nicollet avenue, and is formed of concrete or masonry, open from the bridge abutments upon the north to a point from four to seven and one-half feet north of the north line of the driveway, where it is sunk to a catch-basin where the covered culvert begins, and is so built that it constitutes no obstruction in the

boulevard. Two concrete piers of the bridge are just north of the catch-basin, one on each side of the drain. The length of the covered portion of the culvert is thirty-three feet. It is three and one-half feet wide at its north end. The distance from the top of the culvert to the bottom of the open drain, where the catch-basin is located, is twenty-two inches. The driveway is through a strip of land known as Minnehaha parkway. The parkway is much wider than the road, which the testimony shows to be from twenty-two to twenty-five feet wide. Most of the road is bordered by grass; but at the intersection of the streets, where the culvert is situated, there are no grass borders to the driveway. Plaintiff, with some companions, was walking after nightfall upon the driveway. She was going eastwardly upon the north, and therefore to her left side of the road, and intended to reach Nicollet avenue by a flight of steps upon the east side of the bridge. When upon or at the culvert, an automobile traveling westwardly, and therefore properly upon the same side of the driveway as the plaintiff, approached at a high rate of speed, and, plaintiff claims, swerved directly toward her. To avoid the machine plaintiff stepped, or perhaps sprang, to the north, and fell into the open drain just at the edge of the covered culvert, where the catch-basin is located, and received serious injuries.

1. The first question presented is as to any negligence by defendant. It is entirely true, as claimed by counsel, that in constructing this park driveway the city was not required to finish it with the care and detail necessary in constructing a street in a built-up and populous portion of the city, but neither can it be held to be an ordinary country road. Ordinarily it would not be negligent to locate and leave unguarded a culvert of this character crossing a rural driveway and extending beyond the sides of the road the distance shown here; but the catch-basin into which plaintiff fell, while outside the line of the driveway, was within the lines of Nicollet avenue. The surface of the soil covering the culvert for its entire length, judging from the photographs presented, particularly defendant's Exhibit 4, was flush with the ground upon each side. The grass borders to the driveway did not extend under the bridge. One might well anticipate that no such condition existed at this particular place, and, even

if plaintiff had fallen without any sudden danger or emergency confronting her, we feel the question of defendant's negligence would have been for the jury.

The authorities cited by counsel for defendant are not, as we read them, in conflict with this holding.

In King v. Village, 180 N. Y. 496, 500, 73 N. E. 481, 482, it appeared the plaintiff, without any cause shown, left the roadway and allowed his team to travel for one hundred feet upon the side of the road. In holding there was no liability for the subsequent accident which occurred, the court said: "The drain, ditch, or gutter where the accident happened was separated from the roadway by a space between six and seven and one-half feet wide. There was a grass plot between the ditch and the roadway, and a good traveled track eighteen feet wide in perfect condition, so that, as we think, danger was not reasonably to be expected." Howard v. North Bridgewater, 16 Pick. 189, was a case in which plaintiff sought damages for injuries to his horse, which ran upon some large stones within the lines of the highway, but outside of the graded roadway, and between which and the roadway was the gutter. These and other cases cited are authority for holding that it is not necessary to grade such roadways to their entire width, and that ordinarily one who voluntarily leaves the beaten path and is injured cannot recover; and, again, where there is no hidden danger, nor any peculiar situation which rendered the construction dangerous, one who mistakenly leaves or by some emergency is forced from the beaten track cannot recover. Sutphen v. North Hempstead, 80 Hun, 409, 30 N. Y. Supp. 128; Zettler v. Atlanta, 66 Ga. 195; Nelson v. Spokane, 45 Wash. 31, 87 Pac. 1048, 8 L.R.A.(N.S.) 636, 122 Am. St. 881; Monongahela v. Fischer, 111 Pa. St. 9, 2 Atl. 87, 56 Am. Rep. 241; Macomber v. Taunton, 100 Mass. 255.

These cases are in harmony with the rule in this state as announced in Tarras v. City of Winona, 71 Minn. 22, 73 N. W. 505, where it was held that the city was not guilty of negligence in failing to maintain railings or other barriers along the sides of the embankments of a public road leading from the city; the embankment being seven feet high, thirty-three feet wide, and the entire width of the highway sixty-six feet. The same general principles were

recognized in McHugh v. City of St. Paul, 67 Minn. 441, 70 N. W. 5.

The case of Ray v. City of St. Paul, 40 Minn. 458, 42 N. W. 297, is, we think, nearer to the case at bar. While the general rules spoken of were accepted in the Ray case, it was held on demurrer that the city might be liable where refuse was permitted to be deposited at the end of a street upon the river bank, giving it the appearance of a prolongation and part of the street, and was dangerous to any one stepping upon it. The rule as to liability for accidents caused by excavation or obstructions contiguous to a street or well-defined road is, as claimed by counsel, that ordinarily the municipality is not liable if the way itself is properly constructed; but there must be no hidden danger, and no construction which would lead a traveler from the beaten path into a pitfall or other dangerous place. Zettler v. Atlanta, supra; Herndon v. Salt Lake City, 34 Utah, 65, 95 Pac. 646, 131 Am. St. 827; 15 Am. & Eng. Enc. (2d ed.) 453; 3 Abbott, Mun. Corp. § 1009; Jewhurst v. Syracuse, 108 N. Y. 303, 15 N. E. 409; Wheeler v. Town of Westport, 30 Wis. 392. This again tends to the conclusion that under all the circumstances of this case defendant's negligence was for the jury.

2. The charter of Minneapolis contains this provision: "Nor shall any such action be maintained for any defect in any street until the same shall have been graded; nor for any insufficiency of the ground where sidewalks are usually constructed, when no sidewalk is built." [Sp. Laws 1881, p. 466, c. 76, subc. 8, § 20.] The place where this accident occurred is not within either of the exceptions in the above paragraph. The negligence claimed was not for failing to grade or improve the way; but, if there was negligence, it was affirmatively so by reason of improper construction.

3. It is urged that the defect complained of was not the proximate cause of plaintiff's injury. It was, it is said, the reckless driving of the automobile which forced plaintiff from the beaten path and caused her to fall. It must, we think, be assumed that the machine was driven at very high speed, and that it swerved to the north as approaching plaintiff, and probably held to the extreme northern boundary of the traveled and beaten way. Aside from plaintiff's

testimony, such would be the natural position of the machine at the curve, especially if moving rapidly; but the machine was rightfully upon the boulevard, and irrespective of its speed, or the notice plaintiff had of its approach, she would have been compelled to step out of its way. It seems to us that the meeting of the machine and stepping aside were no more than ordinary incidents of travel upon the boulevard. If so, and because of the situation plaintiff was justified in believing, if she had thought about the matter at all, that the place she went to was safe, while in fact it was unsafe through defendant's negligence, the proximate cause of her injury was the negligence of defendant.

It is urged that La Londe v. Peake, 82 Minn. 124, 84 N. W. 726, is controlling upon this question. In that case the defendants in excavating a cellar had constructed a driveway from the cellar to the surface of the ground, which was reached at a point about twelve feet out in the street. Plaintiff was riding a horse, which for some unknown reason became frightened and unmanageable, and backed into the driveway. Plaintiff jumped or was thrown from the horse, and the horse, continuing unmanageable, forced plaintiff into the excavation. It was held that the defendants were not liable, for the reason that the proximate cause of the accident was the frightening of the horse, for which the defendants were not responsible. An examination of the authorities directly cited in support of the decision in the La Londe case satisfies us that the doctrine of that case should not be extended to the instant one.

Minneapolis & St. P. Ry. Co. v. Kellogg, 94 U. S. 469, 24 L. ed. 256, was an action to recover compensation for the destruction by fire of the plaintiff's sawmill and a quantity of lumber; the fire having been communicated from an elevator, which had been set on fire by defendant's steamboat. A verdict for the plaintiff was sustained, notwithstanding the claim that the proximate cause of the burning of the mill and lumber was the communication of the fire from the elevator, and not the burning of the elevator by fire from the boat. The court discussed proximate cause and concluded its opinion as follows (page 476 of 94 U. S. [24 L. ed. 259]): "The jury found, in substance, that the burning of the mill and lumber was caused by the negligent burning of the elevator, and that it was

the unavoidable consequence of that burning. This, in effect, was finding that there was no intervening and independent cause between the negligent conduct of the defendants and the injury to the plaintiff."

In Hubbell v. City of Yonkers, 104 N. Y. 434, 10 N. E. 858, 58 Am. Rep. 522, the following statement appears in the syllabus: "Plaintiff was riding along one of defendant's streets, the roadbed of which was thirty feet wide, macadamized, and in good condition. On one side, where the street was graded up about twelve feet, there was a sidewalk ten feet wide, separated from the roadbed by a curbstone eight inches high. There was no fence, wall, or other obstruction to guard the outer edge of the sidewalk. *  *  *" A horse attached to a buggy in which plaintiff was riding became frightened and stepped over an embankment, and plaintiff was injured. Under the almost unanimous authorities there was no negligence upon the part of the defendant in that case. The same statement may be applied to Heister v. Fawn Township, 189 Pa. St. 253, 42 Atl. 121.

Upon the other hand, we have the comparatively recent decision of this court in McDowell v. Village of Preston, 104 Minn. 263, 116 N. W. 470, 18 L.R.A.(N.S.) 190. In the syllabus of that case it is said: "Where a horse takes fright, without fault of the driver, at something for which the municipality is not responsible, and gets beyond the control of the driver, runs away, and comes in contact with some obstruction or defect in the street which is there by the negligence of the municipality, it is liable for the resulting injury, if it would not have been sustained except for such negligence."

It would seem that the proper rule is that where a defect exists in or adjacent to a public way of such character that its existence establishes negligence upon the part of the municipality, and where, because of some misadventure caused by an incident which, although unusual, is not so extraordinary or unknown as to be without the range of possibilities which may reasonably be anticipated, and because of such incident and the negligence of the municipality one lawfully upon the street is injured, the liability of the municipality follows, and to that extent the negligence of the municipality must be considered the proximate cause of the injury.

This seems to have been the holding of this court in the McDowell case; and, while some of the authorities cited by counsel go further in relieving the municipality than we consider proper, we think most, if not all, of such cases can be distinguished from the one at bar. Scofield v. Poughkeepsie, 122 App. Div. 868, 107 N. Y. Supp. 767; Mahogany v. Ward, 16 R. I. 479, 17 Atl. 860, 27 Am. St. 753; Bell v. Wayne, 123 Mich. 386, 82 N. W. 215, 48 L.R.A. 644, 81 Am. St. 204; De Camp v. Sioux City, 74 Iowa, 392, 37 N. W. 971; Beall v. Athens, 81 Mich. 536, 45 N. W. 1014.

4. Plaintiff was walking upon the driveway to her left side of the road, and when met by the automobile turned to the left. Defendant claims this to have been negligence contributing to the accident, and in violation of section 14, c. 259, Laws 1909 ( R. L. Supp. 1909, § 1278—14). That section, while requiring persons or vehicles, when meeting, to turn to the right, requires vehicles only while travelling to keep to the right of the center of the street. The section was intended to regulate the conduct of travelers with reference to each other, and has no reference to persons using the street, except in relation to others also using it. We cannot agree that plaintiff was, as a matter of law, guilty of negligence in walking upon the left side of the roadway, or in leaving the roadway to the left when confronted with the danger described in her testimony, and conclude that the court correctly instructed the jury that her location upon the street was a matter which they might properly consider in determining whether or not the plaintiff was reasonably careful at the time or immediately preceding the accident.

5. Defendant has assigned as error four other portions of the charge. In effect the instructions were that it was the duty of the municipality to make a roadway reasonably safe from injuries occurring from defects immediately outside of the roadway, and submitted to the jury plaintiff's claim that she did not know she was stepping off the part of the road that was prepared for travel, but in the dark assumed that she was still in the road, and submitted to the jury whether or not the city was negligent in the matter of the construction and maintenance of this culvert under the roadway without guards, and whether that was the cause of the injury to plaintiff.

We think we have already fully discussed the propositions involved in these assignments. The examination of the entire charge leads us to the conclusion that the jury was fully and fairly instructed.

Order affirmed.