# FLORENCE M. WATSON v. CITY OF DULUTH.[1]

February 19, 1915.

Nos. 18,997—(245).

**Unguarded sidewalk — injury to pedestrian — evidence of negligence.**

Evidence in an action against a city to recover damages for injuries resulting from a fall from an unguarded elevated sidewalk constructed along an embankment, *held* to show actionable negligence on the part of defendant.

. Action by a minor, by her father, in the district court for St. Louis county to recover $10,500 for injuries sustained by her in a fall from a sidewalk in defendant city. The case was tried before Fesler, J., and a jury which returned a verdict for $5,000. Defendant's motion for judgment notwithstanding the verdict was denied. From the judgment entered pursuant to the order for judgment defendant appealed. Affirmed.

*Harvey S. Clapp* and *William P. Harrison,* for appellant.
*Kenny & Kenny,* for respondent.

[PHILIP E. BROWN, J.][2]

This is an action to recover damages for personal injuries sustained by plaintiff's minor daughter, alleged to have been caused by defendant's negligence. After verdict for plaintiff the trial court denied defendant's motion for judgment notwithstanding. Defendant appealed from the judgment thereafter entered.

On August 17, 1913, the date of the accident, East Fourth street was a much traveled highway in a populous section of the city of Duluth. A concrete sidewalk, of smooth construction, six feet wide, ran along its southerly side above the grade of the adjoining property, which sloped away from it. At the place where the accident occurred the top of the walk was 14 inches above the ground sup-

[1] Reported in 151 N. W. 143.          [2] See Per Curiam order on page 448.

porting it, which sloped away four inches in 26, or at a grade of one and one-half per cent; then, at a point nine feet from the top of the walk, the drop was four feet and eight inches, or a 47 per cent grade; and 11 feet out from the top of the walk the drop increased to six feet and three inches, the slope thereafter being gradual. At about 30 minutes past eight o'clock p. m., of the day mentioned, plaintiff's daughter, while walking on the sidewalk, inadvertently stepped off its edge, rolled down the slope, and suffered injury. It was dark and there were trees nearby with sufficient foliage to obscure artificial light. The sidewalk was unguarded either by a rail or otherwise.

Plaintiff's sole claim of negligence on defendant's part was that because of the embankment and slope immediately adjacent to the sidewalk a duty rested on the city, in order to make the walk reasonably safe for travel, to maintain a guard-rail or other protection, to prevent travelers from slipping off the walk and down the grade. Defendant insists that the contrary was conclusively established.

Defendant's duty required it to maintain its sidewalks in a reasonably safe condition for public use, and whenever, owing to the existence of embankments, reasonable prudence required the maintenance of railings or other suitable barriers to prevent accidents to persons rightfully using such walks, it was bound to provide them, or else be subject to liability to such persons for any injury proximately resulting to them from its failure in this regard. Grant v. City of Brainerd, 86 Minn. 126, 90 N. W. 307. Defendant, while conceding the general rule to be as stated, insists that it applies only to cases of dangerous embankments of an unusual character, whereby travelers are exposed to extraordinary hazards; that the proofs here establish that the drop from the sidewalk to the supporting ground was insignificant, as was also the embankment, so that it would be unreasonable to charge the city with the duty of providing a railing; that the topography of the city must be taken into consideration in determining whether it performed its reasonable obligations in the premises, and that to hold that it did not would require the guard-railing of numerous like places in the city, whereby great and unreasonable expense would be entailed upon the tax-

payers. It is also claimed that the custom of the city was not to guard-rail drops of less than two feet below the sidewalks; and finally that, at best, the injury resulted from a defective plan of construction not palpably unreasonable.

These contentions, so far as they bear upon the case in hand, may be shortly disposed of. The danger must, it is true, be of an unusual character to require a guard-rail; but whether such a condition exists in a particular case is usually a question for the jury and is seldom determinable as a matter of law. City of St. Paul v. Kuby, 8 Minn. 125, 130 (154); Thompson v. City of Boston, 212 Mass. 211, 98 N. E. 700. Whether the walk is in a populous portion of the city is an important consideration in this connection. Grant v. City of Brainerd, supra. Where the risk appears so negligible that it would be unreasonable to charge the city with the duty of maintaining a rail or guard, the court will declare, as a matter of law, the city's nonliability for injury caused by the absence of such protections. McHugh v. City of' St. Paul, 67 Minn. 441, 70 N. W. 5; Tarras v. City of Winona, 71 Minn. 22, 73 N. W. 505. But in the present case we find nothing to warrant a holding, as a matter of law, that the embankment was not dangerous within the rule stated; nor can the expense incident to the city's performance of its duty avail as an excuse for nonperformance, safety of life and limb being the paramount consideration. Furthermore, compliance with a general custom does not of itself constitute due care or justify a negligent act. Stash v. Great Northern Ry. Co. supra, 329, 151 N. W. 124. Finally mere failure to guard-rail a sidewalk does not come within the doctrine under which a municipality is relieved from liability for injuries caused by a defective plan of construction; and if it did, under the undisputed facts defendant would not be thereby absolved. Blyhl v. Village of Waterville, 57 Minn. 115, 58 N. W. 817.

The question of proximate cause was also for the jury.

PER CURIAM.

For the reasons given in the foregoing opinion, prepared by the late Justice Philip E. Brown, in accordance with the conclusions reached by the court, the judgment appealed from is affirmed.