## MARY MURPHY v. CITY OF ST. PAUL.[1]

July 16, 1915.

Nos. 19,367—(241).

**Complaint sufficient.**

1. A complaint, alleging a defective sidewalk whereby the plaintiff was caused to stumble and became confused and stepped into the entrance of a building which had become dilapidated so as to constitute a trap and pitfall, the sidewalk being unguarded, and was precipitated some 10 feet to the floor below and was injured, states a cause of action.

**Notice to city of claims for injury.**

2. A misstatement of one day in the date given in the notice to the city of the time of the accident is not fatal upon demurrer.

Action in the district court for Ramsey county to recover $15,000 for personal injury received in walking upon a defective sidewalk. The demurrer of defendant to the amended complaint was sustained, Kelly, J. From the order sustaining the demurrer, plaintiff appealed. Reversed.

*H. A. Loughran,* for appellant.

*O. H. O'Neill, John A. Burns* and *W. J. Giberson,* for respondent.

Dibell, C.

Action by plaintiff to recover damages sustained because of an alleged defective sidewalk; defendant demurred; the court sustained the demurrer; plaintiff appeals from the order sustaining it.

[1] Reported in 153 N. W. 619.

Note.—As to liability of municipality for defects or obstructions in streets see extensive note in 20 L.R.A. 513.

As to liability of municipality for injuries from unevenness of sidewalk or crosswalk see notes in 29 L.R.A.(N.S.) 180, 43 L.R.A.(N.S.) 1158.

As to what injuries may be deemed to be proximately caused by absence of a guard rail, see note in 18 L.R.A.(N.S.) 1135.

The duty to provide barriers to protect travelers from obstructions outside the highway is discussed in note in 20 L.R.A.(N.S.) 980.

1. The complaint alleges that a certain sidewalk in front of a building in St. Paul was in a defective condition; that the flag pavements bulged up several inches and were slanting, uneven and irregular,.making the same dangerous to walk upon and likely to cause a person to stumble and fall; that as the plaintiff was walking upon the sidewalk in front of the entrance to a certain building constructed on substantially a level with the sidewalk, she was caused to stumble, and was confused and stepped into the entrance to said building, the flooring of which had been removed, and was thrown to the floor below, a distance of 10 feet; that the city had notice of the conditions there; that the sidewalk was not guarded; and that the situation constituted a trap and pitfall and was a nuisance. Negligence was predicated on the facts alleged.

The facts stated sufficiently allege negligence and proximate cause and constitute a cause of action. Watson v. City of Duluth, 128 Minn. 446, 151 N. W. 143, and cases cited; Weiser v. City of St. Paul, 86 Minn. 26, 90 N. W. 8, and cases cited; Grant v. City of Brainerd, 86 Minn. 126, 90 N. W. 307, and cases cited.

2. The injury occurred on the twenty-fourth day of December, 1913, about nine o'clock in the evening. The notice is required to state the "time, place and circumstances." The notice stated that the injury was sustained "on the 23rd day of December, 1913, at 9 o'clock in the evening." It is claimed that this variance of a day makes the notice defective and the complaint demurrable. As against the demurrer the allegation is sufficient. Our court has held that the notice of injury must fairly apprise the municipal officers of the time and place and circumstances of the accident, and the nature of the injuries received, so that due investigation may be made; and that a notice conforming to these requirements is sufficient. Kandelin v. City of Ely, 110 Minn. 55, 124 N. W. 449, and cases cited; Larkin v. City of Minneapolis, 112 Minn. 311, 127 N. W. 1129, and cases cited.

The following cases, though not parallel, give support to the notice against the claim that a variance of a day renders it invalid. Sullivan v. City of Syracuse, 77 Hun, 440, 29 N. Y. Supp. 105; Connor v. Salt Lake City, 28 Utah, 248; Marcotte v. City of Lewiston,

94 Me. 233, 47 Atl. 137. The case of Gardner v. City of New London, 63 Conn. 267, 28 Atl. 42, where there was a variance of three days, is opposed.

We hold that the complaint is not demurrable because of the error in the notice.

Order reversed.