## NICHOLAS BRIGLIA v. CITY OF ST. PAUL.[1]

### July 14, 1916.

### Nos. 19,870—(236).

**Municipal corporation — safe streets for travel — barrier.**
    1. It is the duty of a city to use ordinary care to keep its streets in safe condition for travel. The city is not as a rule bound to make safe for travel the area outside of a public street, nor to erect barriers to prevent travelers from straying off the street to adjoining land upon which there may be dangerous places. The city is bound to provide

[1] Reported in 158 N. W. 794.

Note.—As to duty of town or municipality to provide barriers to protect travelers from obstructions outside the highway, see note in 20 L.R.A. (N.S.) 980.

such guards only where the street itself is unsafe for travel by reason of the close proximity of excavations, embankments and the like.

**Same — question of due care — question of law, when.**

2. The question of due care and negligence in such case is usually one of fact for the jury, but, where the risk is so negligible that it would be unreasonable to charge the city with the duty to maintain barriers, the court will declare nonliability as a matter of law.

**Same — fence at top of bluff — liability.**

3. The street or parkway in question in this case is a well-surfaced roadway 26 feet wide, with level ground on one side. On the other side is a drainage gutter from six to eight inches deep, and beyond that a raised gravel walk six feet wide. Beyond that is a bluff or declivity. *Held*, the city was not negligent in not providing a fence along the top of the bluff, and is not liable to a traveler who backs an automobile over the bluff.

Action in the district court for Ramsey county by the administrator of the estate of Martina Briglia, deceased, to recover $7,500 for the death of his intestate. The answer alleged that the death of plaintiff's intestate or injury sustained by her at the time of the accident was caused by her own want of care and arose from conditions the risks and hazards of which were open and obvious to her and assumed by her. The case was tried before Hanft, J., who at the close of the testimony directed a verdict in favor of defendant. From the order denying his motion for a new trial, plaintiff appealed. Affirmed.

*Colin W. Wright,* for appellant.

*O. H. O'Neill* and *John A. Burns,* for respondent.

HALLAM, J.

The Mississippi River boulevard in St. Paul runs northerly from Marshall avenue along the top of the bluff which forms the east bank of the Mississippi river. At a ravine on the boulevard a little north of Marshall avenue is a small concrete bridge. Just north of this bridge the Como and River boulevard branches off from the Mississippi River boulevard and runs in an easterly direction. The roadway of the River boulevard is 26 feet wide, well surfaced, and slightly rounded in the center so as to shed water. East of the boulevard the ground is level. To the west of the roadway is the usual gutter, and to the west of this is a gravel path

about six feet wide and at a height from six to eight inches above the bottom of the gutter. West of the path the bluff is precipitous. There is no fence or barrier between the roadway and the bluff. The Como boulevard roadway is about 30 feet wide. At the point of intersection with the River boulevard it is much wider. Como boulevard leaves the River boulevard at a four per cent up grade. This locality is several miles from the center of the city. The surrounding property is not much built upon, but the boulevard is much used for automobile traffic.

Deceased was driving an automobile northerly over the Mississippi River boulevard. She passed the concrete bridge and turned on to the Como and River boulevard and traveled easterly upon it for about 30 feet. Then, for some reason not explained, her automobile stopped and commenced to back. It backed to the River boulevard, clear across the roadway, gutter, and path, and over the edge of the bluff. Deceased suffered injuries from which she died. This action is brought to recover damages. The trial court held no negligence was shown, and directed a verdict for defendant. Plaintiff appealed.

1. The question in the case is whether defendant city was negligent in not maintaining a fence or barrier between the roadway and the bluff. It is the duty of the city to use ordinary care to keep its streets in safe condition for travel. The city is not, as a rule, bound to make safe for travel the area outside of a public street, nor to fence or erect barriers to prevent travelers from straying off the street to adjoining land upon which there may be dangerous places; but it is bound to provide such guards where the street itself is unsafe for travel by reason of the close proximity of excavations, embankments, deep water or other pitfalls or dangers. City of St. Paul v. Kuby, 8 Minn. 125, 130 (154, 160); Ray v. City of St. Paul, 40 Minn. 458, 459, 42 N. W. 297; 4 Dillon, Mun. Corp. (5th ed.), § 1696. This is necessary, in order to protect persons passing upon the street (City of St. Paul v. Kuby, 8 Minn. 125, 130 [154, 160]), and it is merely a matter of keeping the street safe. Seewald v. Schmidt, 127 Minn. 375, 149 N. W. 655.

It is not negligence for a city to construct and maintain a street or roadway along the top of a bluff. Where the roadway is narrow and the declivity so near that it may reasonably be anticipated that the passing of vehicles, the shying of horses, or some other incident of traffic, may cause

some traveler to deviate from the traveled way, and to go over the edge, the city may well be required to guard such a pitfall by the roadside.

2. The duty required of the city is that of ordinary care. Generally, perhaps, it is a question of fact whether ordinary care was used. Where, however, the risk seems so negligible that it would be unreasonable to charge the city with the duty to maintain barriers, the court will declare nonliability as a matter of law. Watson v. City of Duluth, 128 Minn. 446, 448, 151 N. W. 143. Greater precaution may be required in some localities than in others. The number of dwellings in the vicinity is not of much importance. The amount of travel on the street is the important consideration.

3. The locality in this case was remote from the center of the city, but we take into account that the traffic was large. Taking this into account, we think the city was not remiss in any duty to plaintiff. The roadway was not narrow. Its width of 26 feet was ample. Beyond that the gutter and the walk afforded protection against any ordinary deviation from the traveled road. Deceased did not suffer from any casual or ordinary deviation from the roadway, nor do we think there was any danger of her doing so. The course of the car was extraordinary. Stopping on a slight grade about 100 feet from the bluff edge, it commenced to back, and it backed nearly straight and over the precipice. We think the city should not be required to anticipate such unusual occurrences or to guard against them. It provided a roadway safe for all ordinary hazards of travel, and in that we think it performed its full duty. The city was not negligent. These views are sustained by authority. McHugh v. City of St. Paul, 67 Minn. 441, 70 N. W. 5; Tarras v. City of Winona, 71 Minn. 22, 73 N. W. 505; Tarras v. City of Winona, 77 Minn. 57, 79 N. W. 649; Grant v. City of Brainerd, 86 Minn. 126, 90 N. W. 307; Seewald v. Schmidt, 127 Minn. 375, 149 N. W. 655; King v. Fort Ann, 180 N. Y. 496, 73 N. E. 481; Herr v. Lebanon, 149 Pa. St. 22, 24 Atl. 207, 16 L.R.A. 106, 34 Am. St. 603; see also Watson v. City of Duluth, 128 Minn. 446, 151 N. W. 143; and Murphy v. City of St. Paul, 130 Minn. 410, 153 N. W. 619. These last cases, though decided in favor of plaintiff, are illustrative of the principles above stated.

Order affirmed.