RHYNER, Respondent, vs. THE CITY OF MENASHA, Appellant.

*October 27 — November 16, 1897.*

*Municipal corporations: Liability for defective streets: Instructions: Contributory negligence: Intoxication: Burden of proof.*

1. A city is bound to keep its streets in a reasonably safe condition, not "throughout all their length and breadth," but only the traveled portion thereof.
2. In an action for personal injuries from defects in a street, if the plaintiff proves his case without disclosing contributory negligence, then such negligence is purely a matter of defense, and the burden of proving it is on the defendant.
3. In such an action, where the evidence showed that the plaintiff had knowledge of the defects prior to the injury, the fact that he was intoxicated in any degree at the time of the accident is a circumstance to be considered by the jury in determining whether he was in the exercise of ordinary care, even though he was not so intoxicated as to be incapable of exercising ordinary care and prudence.
4. The submission to the jury of an issue as to whether the street was in such condition that the plaintiff, using ordinary care and prudence, *could* have passed thereon without sustaining such injury, merely called upon them to determine a possibility, and was therefore misleading and improper.

APPEAL from a judgment of the circuit court for Winnebago county: GEO. W. BURNELL, Circuit Judge. *Reversed.*

Rhyner vs. The City of Menasha.

The case is sufficiently stated in the opinion.

*Gabe Bouck*, of counsel, for the appellant.

For the respondent there was a brief by *Eaton & Weed*, and oral argument by *M. H. Eaton*.

CASSODAY, C. J.   This action was commenced October 16, 1895, to recover damages for personal injuries sustained by the plaintiff on the evening of November 15, 1891, by reason of an alleged defective condition of Mills street, in the defendant city.   The answer consists of denials and counter allegations, among other things, to the effect that, whatever injury was so received and sustained by the plaintiff, the same was by reason of his own carelessness and negligence, and not by or through the negligence or carelessness of the defendant, and not by or through any defect or want of repair in the street.   At the close of the trial, the jury returned a special verdict, to the effect (1) that the plaintiff did sustain the injury at the time and place alleged and claimed by him; (2) that the street at the place of the injury was not in sufficient repair and condition; (3) that the plaintiff's injury was caused by the negligence of the defendant; (4) that the street had been in insufficient repair and condition so long that the defendant should have had knowledge thereof; (5) that at the time of the injury, and some time before, the plaintiff had knowledge of such hole and the condition of such street; (6) that the street was in such condition that the plaintiff, using ordinary care and prudence, could have passed on the same without sustaining such injury; (7) that the plaintiff was not guilty of a want of ordinary care and prudence which in any way directly contributed to the injury; (8) that the plaintiff was not at the time he received the injury so intoxicated as to be incapable of managing and conducting himself with ordinary care and prudence; (10) that, if the plaintiff was entitled to recover, then they assessed his damages at $2,500.   From the judgment entered

thereon, in pursuance of an order of the court in favor of the plaintiff, the defendant brings this appeal.

After careful consideration, we are forced to the conclusion that the case must be reversed for errors intervening upon the trial.

1. The court charged the jury, at the request of the plaintiff, to the effect that the defendant was bound to keep its sidewalks and streets, *throughout all their length and breadth,* in a reasonably safe condition for the passage of travelers,— young and old,— by day and by night. In *Wheeler v. Westport,* 30 Wis. 392, it was held that: "To render the town liable, the object causing the injury need not be within the highway, if so connected with it as to affect the safety and convenience of those using the traveled track. But although there be a defect or obstruction in the highway as located, yet if it is not in the traveled part of the road, nor so connected with it as to affect the safety or convenience of those using the traveled path, the town is not responsible for the injury." In *Kelley v. Fond du Lac,* 31 Wis. 179, it was held that "towns are not bound to keep highways in a suitable condition for travel in their whole width; and their liability is limited, primarily, to damages caused by defects in the traveled track." Numerous cases might be cited to the same effect, but it is unnecessary. The nearest approach to an authority for the instruction given now remembered is *Matthews v. Baraboo,* 39 Wis. 674, where it was held that "a town is liable for defects anywhere in the *worked and traveled* part of a highway, although the same may be wide enough for three or four teams abreast." But that case comes far short of sustaining the portion of the charge in question.

2. The court further charged the jury, at the request of the plaintiff, that "the burden of proof is on the defendant, the city of *Menasha,* to prove contributory negligence, and the fact (if it is a fact) that makes proof on the trial from

Rhyner vs. The City of Menasha.

which you may or may not infer that there was negligence on the part of the plaintiff does not cast the burden on the plaintiff, *Jacob Rhyner*, to make affirmative proof of his want of negligence." We are not certain that we fully comprehend the meaning of this portion of the charge. It is very doubtful whether the jury had a clear conception of the instruction thereby sought to be given. To say the least, its direct tendency was to mislead the jury. The rule on the subject referred to in the instruction is well settled by numerous decisions of this court. "In an action for negligence, if the plaintiff can prove his case without disclosing his own contributory negligence, then such contributory negligence is purely a matter of defense to be proven by the defendant." *Kelly v. C. & N. W. R. Co.* 60 Wis. 482. In such a case the burden of proving contributory negligence is upon the defendant. *Hoye v. C. & N. W. R. Co.* 67 Wis. 15. "But, where the plaintiff's own evidence conclusively shows contributory negligence on his part, a nonsuit will be granted." *Hoth v. Peters*, 55 Wis. 406.

3. Error is assigned because the court charged the jury: "Now, if he was under the influence of liquor at that time, *it is of no consequence*, unless he was in such a condition that he was incapable of exercising ordinary care and prudence. If he was in such a condition, then the presumption is he did not exercise ordinary care and prudence; but, if he had not reached that degree of intoxication, that would not prevent a recovery." The jury found that the plaintiff, at the time of the injury and for some time before, had knowledge of the hole in the street. The question whether the plaintiff was guilty of a want of ordinary care and prudence which directly contributed to the injury was submitted to the jury. It was an important question in the case. It necessarily involved the degree of care exercised by him at the time. To instruct the jury, as in this case, that the influence of liquor on the plaintiff at

Rhyner vs. The City of Menasha.

the time of the injury was "of no consequence," unless "he was incapable of exercising ordinary care," was, in effect, to direct them to disregard his actual condition, unless his intoxication was so excessive as to produce imbecility or stupefaction. This was contrary to well-settled rules of law. His condition was an important element in determining whether he was, at the time, in the exercise of ordinary care. Accordingly, this court has frequently held that the intoxication of the plaintiff in any degree at the time of the accident is a fact or circumstance proper to be considered by the jury. *Fitzgerald v. Weston,* 52 Wis. 354; *Seymer v. Lake,* 66 Wis. 651; *McCracken v. Markesan,* 76 Wis. 499. These cases have been followed in other states. *Buddenberg v. Charles P. Chouteau Transp. Co.* 108 Mo. 394; *Welty v. I. & V. R. Co.* 105 Ind. 55; *Northern P. R. Co. v. Craft,* 69 Fed. Rep. 129. In the first of these cases the judgment was reversed for giving an instruction substantially like the one in the case at bar. In this case, as in that, the trial court took from the jury a fact or circumstance which necessarily entered into the determination of the question of contributory negligence; and hence it was error.

4. The sixth question submitted, as to whether the street was in such condition that the plaintiff, using ordinary care and prudence, *could* have passed thereon without sustaining such injury, merely called upon the jury to determine a possibility, in no way helpful in determining the issues involved, and hence was misleading.

There are no other questions of sufficient importance to call for consideration.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded for a new trial.