## Village of Mount Morris v. John T. Kanode.

1. CITIES AND VILLAGES—*Duty as to Streets on the Outskirts.*—The fact that a street is in the outskirts of a village does not relieve the municipality of its duty to exercise reasonable care to keep such street in a reasonably safe condition for public travel.

2. EVIDENCE—*Acts of Village Authorities After an Accident.*—Proof that after an accident on a street a bridge was built by the village at the place, is incompetent, for the reason that the jury might be inclined to interpret such act as a confession that the bridge was needed and that the authorities had been negligent in not building it sooner, and its admission is error; but where it appears that before the accident the village had caused material for the bridge to be delivered at the place, and after the accident completed the bridge as planned before, the admission of such evidence is harmless error.

3. SAME—*Statements of Municipal Officers as Admissions.*—The statements, after an accident, of a trustee of the village, who was chairman of the street committee at the time and as such had the condition of the street especially in charge, is competent as tending to show that he and the village authorities, generally, knew before the injury occurred that the street was defective.

4. NOTICE—*Of Defects in Streets—Sufficiency of Proof.*—In an action against a village for personal injuries resulting from a defect in a street, the testimony of an alderman of the village that he knew before the accident that the street was more or less defective and that the village had done work upon it at the place a few days before, taken with the fact that he described its condition as being such that persons could get along there by careful driving, but admitted that careful driving was necessary at night, is sufficient to show that the village had notice of such defects.

Trespass on the Case, for personal injuries.   Error to the Circuit Court of Ogle County; the Hon. JAMES SHAW, Judge, presiding.   Heard

o

in this court at the October term, 1901. Affirmed. Opinion filed November 15, 1901.

DELOS W. BAXTER, attorney for plaintiff in error.

FRANC BACON, attorney for defendant in error.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

John T. Kanode brought this suit against the village of Mount Morris to recover damages for an injury he claimed he had sustained by reason of a defect in Reynolds street in said village. Upon a trial he recovered a verdict and a judgment for $100, to reverse which defendant prosecutes this writ of error. It is argued the court erred in the admission of evidence for plaintiff, and that the verdict is not warranted because defendent was not negligent and plaintiff was not exercising due care.

The street was in the outskirts of the village. That did not relieve the municipality of its duty to exercise reasonable care to keep the street in a reasonably safe condition for public travel. (City of Flora v. Naney, 136 Ill. 45; City of Decatur v. Besten, 169 Ill. 340.) The accident happened about the last of May or first of June, 1900. All that spring there had been heavy rains. Water had frequently washed across and stood in Reynolds street at the place where plaintiff was hurt. A large hole had been washed in one side of the traveled way, and the ground on the other side had become softened and badly cut by travel. Plaintiff, sixty-six years old, was driving along the street, sitting upon a load of rails. One wheel went down into a deep rut or hole, and the extra weight thus forced against the stakes which held the load on that side caused one of them to break, and plaintiff fell to the ground and part of the rails fell upon him, and he remained with part of the load lying upon him until relieved by persons near by. He suffered an oblique fracture of certain ribs, and the injury was painful.

Plaintiff was permitted, over defendant's objections, to prove that after the accident a bridge was built by the vil-

lage at this place and the street was thereby largely freed from the injurious effects of the water crossing at that point. This proof was incompetent. (Hodges v. Percival, 132 Ill. 53; Columbia & P. S. R. R. Co. v. Hawthorne, 144 U. S. 202.) The reason is that the jury would be inclined to interpret the subsequent repairs as a confession that repair was needed and that defendant had been negligent in not making it sooner. In this case it further appeared that before the accident the stone for the bridge had already been placed upon the street there. The fact that the village had already caused stone for a bridge to be delivered at that place was competent evidence tending to the same conclusion, and proof that the village afterward completed the bridge planned before the accident was therefore harmless.

Plaintiff was permitted, over defendant's objections, to prove statements made by Rine, one of the village trustees, after the accident, tending to show that he and the village authorities, generally, knew before the injury to plaintiff that the street was defective, and would have had it repaired before that time but for delays at a saw mill where some oak timbers were being got out for the bridge. Rine was chairman of the street committee at the time, and therefore was the trustee who had the condition of this street specially in charge. If his admissions would not bind the village, still their only tendency was to prove prior notice to the village of the defective condition of the street. This was proved by other testimony. Rine himself testified he knew the street was more or less defective all the spring, and that the village had done work at that spot a few days before plaintiff was hurt; and he described its condition as such that people could get across there by careful driving, and he admitted careful driving was necessary at night. There was other proof that after this work was done a rain came and washed out the repairs. This had happened before during the same spring. We think it sufficiently proved by competent testimony that the village had notice.

Plaintiff had passed this spot with an empty wagon

earlier the same day.  It is argued he was negligent in not seeing and avoiding the hole or depression, and also in having the rails loaded so high upon his wagon.  The questions whether plaintiff was exercising due care for his own safety, under all the circumstances, and whether defendant was negligent in not having the street in a reasonably safe condition for public travel, were questions of fact for the jury, and we find nothing in the record which would warrant us in disturbing their conclusions, especially as they were very fully and favorably instructed for defendant.

The judgment is affirmed.