## DAWSON SUNDELL v. VILLAGE OF TINTAH.[1]

February 9, 1912.

Nos. 17,461—(235).

**Municipalities — care of streets.**

Municipal corporations are under legal obligation to exercise reasonable care to keep and maintain all their streets and public places in safe condition for public use, and are liable for a negligent failure of compliance therewith.

**Same.**

The rule applies to all streets within the borders of the municipality, whether in the settled or platted part thereof or in the outlying districts, with the qualification of limitation that the same diligence and care is not required in respect to streets remote from the settled part of the municipality.

Action in the district court for Traverse county by the guardian ad litem of Dawson Sundell to recover $500 for personal injuries. From an order, Flaherty, J., overruling defendant's demurrer to the complaint, it appealed. Affirmed.

*F. W. Murphy,* for appellant.

*Charles E. Houston* and *Jos. G. Forbes,* for respondent.

BROWN, J.

Appeal from an order overruling a general demurrer to plaintiff's complaint. The complaint alleges the following facts:

Defendant is a municipal corporation, duly created and existing under and pursuant to the general laws of the state, with a population of two hundred seventeen people. Its territorial limits include sections 1, 2, 3, 10, 11, 12, 13, 14, and 15, township 129,

[1] Reported in 134 N. W. 639.

[Note] For the general question of the liability of a municipal corporation for defects or obstructions in streets, see note in 20 L.R.A. (N.S.) 513.

range 45, in Traverse county; the platted and inhabited portion of the village being located upon section 1. Some time prior to July, 1910, there was constructed by the state, along the south line of sections 13, 14, and 15, a drainage ditch several feet in width and depth, which crossed a public highway leading from the village to the rural community beyond its limits. This highway was a public thoroughfare of the village, and had been generally traveled and used as such for many years. The point where it was so crossed by the public ditch is in the neighborhood of three and one half miles from the settled or platted portion of the village. A short time prior to the accident here complained of the authorities of the village removed an old and insufficient bridge over the ditch at the intersection of the highway for the purpose of constructing a new and more substantial structure in its place.

The complaint alleges in this connection that during the work of constructing the new bridge, between July 12, and July 29, 1910, the defendant knowingly, carelessly, and negligently permitted the ditch where it crosses the highway to at all times remain open, unprotected, unguarded, and unlighted, and without signals to advise or warn persons using the highway of the dangerous situation thus created; that on the evening of July 29, 1910, plaintiff, a passenger in an automobile driven by another person, was seriously injured by the sudden and unexpected fall of the machine into the ditch while being driven carefully along the highway, and without notice or warning of the dangerous condition created by the acts of defendant. It further alleges that the cause of the accident and ditching of the automobile was the negligence and carelessness of defendant in failing to place guards, lights, or barriers at the ditch as a warning to travelers upon the road.

The only question presented is whether, since the defect in the highway was remote from the settled or platted part of the village and on the extreme outskirts thereof, the village was under legal obligation to keep and maintain the highway at that point in reasonably safe condition for public use. It is the contention that under the circumstances stated the defendant was relieved from the care

of the highway and was under no obligation to maintain it in safe condition for travel. We are unable to assent to this contention.

That municipal corporations, excluding the town and county, are under legal obligation to exercise reasonable care to keep and maintain their streets and public places in safe condition for public use, has long been the settled law of this and other states. And although founded upon an "illogical exception" to the general rule of the common law (Lane v. Minn. State Agricultural Society, 62 Minn. 175, 64 N. W. 382, 29 L.R.A. 708), no immunity from liability for reasons like those here assigned has been extended them by any of the decisions to which our attention has been called. There is force and perhaps merit in the argument, presented by counsel, that in the case of a small village like defendant, with a large territory, it would be a hardship to impose upon it the burden of caring for its outlying streets, where travel is infrequent. But we are unable to present a substantial reason for dividing the legal responsibility in this respect. To attempt to do so would lead to confusion in defining the precise limits, territorially, where the duty ceases, and any effort in that direction would be wholly arbitrary and without logical basis for support. We deem it, therefore, the part of wisdom to refrain from ingrafting upon the "illogical rule" an illogical limitation or exception.

The authorities, so far as our examination has extended, give an adverse answer to defendant's position. In City v. Powell, 50 Neb. 798, 70 N. W. 391, the court held, in a similar case, that it is the duty of a municipal corporation to keep *all* its streets and bridges in a reasonably safe condition for travel, whether located in one part of the city or another, and that its diligence in respect to them is not controlled or affected by the fact that a particular street is less frequently used than others. It was held in City v. Naney, 136 Ill. 45, 26 N. E. 645, that the fact that a sidewalk is in the suburbs of a city, and on a street but little used, does not relieve the municipality from liability for defects therein. In Village v. Kanode, 98 Ill. App. 373, the court held that the fact that the street is in the outskirts of the municipality does not relieve it from the duty to

exercise reasonable care to keep and maintain it in safe condition for use. See also from the same state, Village v. Moore, 124 Ill. 133, 16 N. E. 246. The same rule is applied by the courts of Pennsylvania (Wall v. Pittsburg, 205 Pa. St. 48, 54 Atl. 497), and in other states (28 Cyc. 1362, and cases cited; City v. Coleman, 19 Ind. App. 368, 49 N. E. 474, 65 Am. St. 412). The only exception to the obligation to care for *all* the streets within the municipality is with respect to the degree of care upon those in outlying districts; it being held by many of the courts that a less degree of care is required as to those remote from the thickly settled part of the municipality. Monongahela v. Fischer, 111 Pa. St. 9, 2 Atl. 87. 56 Am. Rep. 241; 28 Cyc. 1362, note 60. This qualification seems reasonable, but beyond it the court cannot well go, without laying down and attempting to establish an arbitrary exception, which in all probability would require further qualification in future cases. We therefore follow the general rule of liability, applicable alike to all streets of the municipality, with the qualification that the same diligence and care is not required with respect to those in outlying districts.

Order affirmed.

PHILIP E. BROWN, J., being absent on account of illness, took no part.