# SAM MILLER v. CITY OF DULUTH.[1]

## November 17, 1916.

## Nos. 19,932—(50).

**Municipal corporation — ungraded street — duty to keep in safe condition.**

1. A city is not obliged to grade or improve all platted streets within its limits. If, however, an ungraded street is frequented by travel and the city have notice of the fact, it must keep such street in a reasonably safe condition for travel.

**Same — sufficient width for usual travel.**

2. A city is not generally bound to improve and make fit for travel the whole width of an outlying street. If it improves and keeps in condition a roadway of a sufficient width for the ordinary demands of travel, that is sufficient. But it must not create or suffer any pitfall within the traveled portion, or so near to it that a traveler, though in the exercise of due care, may fall therein.

**Same — negligence to allow excavation without guard or light.**

3. It is negligence for a city to permit an excavation four feet deep in the middle of a traveled road, with the bank above the excavation only 16 feet wide, without guard or railing, and without light at night where the course of travel and the surrounding conditions are in the nature of an invitation to pass along the top of the bank.

Action in the district court for St. Louis county to recover $8,115 for personal injury received from driving into an excavation in defendant's street. The answer set up contributory negligence. The case was tried before Fesler, J., who when plaintiff rested denied defendant's motion

[1]Reported in 159 N. W. 960.

Note.—The question of liability of municipality permitting excavation to be made in street, see note in 49 L.R.A.(N.S.) 844.

For authorities passing on the question if contributory negligence as affecting liability of municipal corporation for defects or obstructions in streets, see notes in 21 L.R.A.(N.S.) 614; 48 L.R.A.(N.S.) 628.

to dismiss the action, and a jury which returned a verdict in favor of plaintiff for $1,650.   From an order denying defendant's motion for judgment notwithstanding the verdict or for a new trial, it appealed. Affirmed.

*John E. Samuelson, Leonard McHugh* and *M. T. O'Donnell,* for appellant.

*A. E. Parker,* for respondent.

HALLAM, J.

Tenth street, between Eighth and Ninth avenues east, in Duluth, was, in 1914, an ungraded street.   It had been traveled, however, for many years, and was in a district where some homes had been built. Prior to 1914, the traveled road ran through the center of the street.   In the spring of 1914 the city laid a sewer in the center of the street, and in filling above it left a ridge about three feet high from one end of the block to the other.   This caused travel to form two beaten roadways, one on each side of the sewer ridge.   Travel going east went on the south side of the ridge all the way through the block.   Travel going west went on the north side of the sewer ridge from Ninth street until it reached a point somewhere near the middle of the block.   From this point to the west end of the block an excavation or cut lengthwise of the street was made many years ago.   By whom it was made the evidence does not disclose.   Travel had passed through the cut for years.   When the sewer ridge was made, it likewise passed through the cut.   The cut was 45 feet wide at the top, not the full width of the street.   While the sewer ridge ran through the center of the street, the cut did not run centerwise of the street, but was more to the south than to the north side. In fact it appears that there was not room for a roadway in the space between the ridge and the north wall of the cut, but that there was room on the south side of the ridge.   The result was that when the west bound travel reached the cut, instead of proceeding straight ahead, it crossed the ridge to the south side, and from there on west there was but one traveled track.   Had this west bound roadway gone straight ahead, instead of crossing over the sewer ridge, it would have gone on the bank outside of the cut to the north, which bank was at this point about 16 feet wide.   There were some wheel tracks that did take this course.

Plaintiff was traveling west on this street at night. It was very dark and there were no street lights at this point. He followed the west bound beaten track on the north side of the street until he reached the cut. Then, instead of crossing the ridge to the south track and through the cut, he kept on straight ahead and along the top of the bank. The top of the bank was about four feet above the bottom of the cut. It was unguarded. Plaintiff claims that while going along the top of the bank the left wheel of his wagon went over the bank, the wagon was overturned and plaintiff was injured. He recovered a verdict. Defendant appeals.

The questions of law in the case are well settled.

1. The city is obliged to exercise reasonable care to keep its traveled streets in safe condition for travel. It is not obliged, however, to grade or improve or keep in condition platted or dedicated streets within its limits which have never been traveled. City of St. Paul v. Seitz, 3 Minn. 205 (297), 74 Am. Dec. 753. If, however, an ungraded street is frequented by travel, and the city has notice of the fact, it must keep such street in reasonably safe condition for travel. Tenth street was such a street. It had been traveled for many years. The travel was considerable and it was notorious. The city was chargeable with knowledge of it, and the obligation of the city to keep the street safe for travel arose. See Sundell v. Village of Tintah, 117 Minn. 170, 134 N. W. 639, 38 L.R.A. (N.S.) 1127, Ann. Cas. 1913C, 1311.

2. The city is not generally bound to improve and make fit for travel the whole width of an outlying street. If it improves and keeps in condition a roadway of sufficient width for the ordinary demands of travel, that is sufficient. Rhyner v. City of Menasha, 97 Wis. 523, 73 N. W. 41; City of Hannibal v. Campbell, 86 Fed. 297, 30 C. C. A. 63; Neidhardt v. City of Minneapolis, 112 Minn. 149, 127 N. W. 484, 29 L.R.A.(N.S.) 822. But it must not create or suffer any pitfall within the traveled portion, or so near to it that a traveler upon the portion customarily used for travel may, although in the exercise of due care, fall therein. Neidhardt v. City of Minneapolis, 112 Minn. 149, 127 N. W. 484, 29 L.R.A.(N.S.) 822. There are numerous cases in this state where an unguarded excavation entirely outside of the limits of the street, but so near as to make travel on the street dangerous, has been held to constitute negligence on the part of the city, City of St. Paul v. Kuby, 8 Minn. 125 (154);

Grant v. City of Brainerd, 86 Minn. 126, 90 N. W. 307; Watson v. City of Duluth, 128 Minn. 446, 151 N. W. 143; Murphy v. City of St. Paul, 130 Minn. 410, 153 N. W. 619; Briglia v. City of St. Paul, 134 Minn. 97, 158 N. W. 794; and it has been held that a city is liable for injuries occurring an appreciable distance from the street, where there is no visible boundary to the line of the street and a traveler is deceived into the belief that he is within the street when in fact he is not, and is so lead into an unguarded trap. Ray v. City of St. Paul, 40 Minn. 458, 42 N. W. 297; Coggswell v. Inhabitants of Lexington, 4 Cush. (Mass.) 307; Jewhurst v. City of Syracuse, 108 N. Y. 303, 15 N. E. 409; Wheeler v. Town of Westport, 30 Wis. 392.

3. We think it very clear that it is negligence for a city to suffer or permit an unguarded excavation four feet deep in the middle of a traveled street with the bank above the excavation only 16 feet wide, if a traveler is justified or excused in traveling on the top of the embankment at all. In this case plaintiff would not have been justified in traveling on top of the embankment in daylight. But whether, in view of the fact that the road led straight in that direction, he might, when traveling in the dark, be excused in keeping straight ahead, presents a different question. We think the jury might find from the evidence that he was. Weiser v. City of St. Paul, 86 Minn. 26, 90 N. W. 8. The trial court was of the opinion that "the unobstructed nature of the highway immediately west of the point where the traveled path turned sharply to the south, together with the absence of any barricade or other warning at that point, and the absence of street lighting, amounted, to a traveler going west, to something in the nature of an invitation to pass on to a place of hidden danger which existed at about the place where plaintiff claims his wagon tipped over the embankment." We quite agree with the trial court.

Order affirmed.