HUMPHREY *v.* COUNTY OF WAYNE.

McARTHUR *v.* SAME.

1. MOTOR VEHICLES—NEGLIGENCE—VISIBILITY AFFECTED BY FOG AND ATMOSPHERIC CONDITIONS.

Driving automobile at speed which prevents stopping within range of vision is negligence; and rule is applicable when visibility is affected by fog or other atmospheric conditions.

2. SAME—CONTRIBUTORY NEGLIGENCE.

Automobile driver familiar with road and approach to bridge, who failed to make turn and drove across approach and into river during fog, was guilty of contributory negligence.

3. SAME—IMPUTABLE NEGLIGENCE.

In action against county to recover for passenger's death due to alleged improper maintenance of bridge approach, negligence of automobile driver in driving into river is imputable to passenger.

4. APPEAL AND ERROR—ENTERING JUDGMENT—COURT RULES.

Where, on reviewing negligence case tried without jury, Supreme Court finds decision of trial court in favor of plaintiff on question of contributory negligence to be against preponderance of evidence, judgment may be set aside and judgment ordered entered for defendant without finding plaintiff guilty of contributory negligence as matter of law (Court Rule No. 59, § 7).

Appeal from Wayne; Smith (Guy E.), J., presiding. Submitted January 27, 1932. (Docket Nos. 190, 191, Calendar Nos. 36,292, 36,293.) Decided March 2, 1932.

Separate actions of case by Ruth E. Humphrey, administratrix of the estate of Clarence Humphrey,

As to driving automobile at speed which prevents stopping within length of vision, see annotation in 44 A. L. R. 1403; 58 A. L. R. 1493.

As to duty of driver of automobile whose view is obscured by dust, smoke, or atmospheric conditions, see annotation in 37 A. L. R. 587; 73 A. L. R. 1020.

deceased, and David McArthur against the County of Wayne, a municipal corporation, for injuries resulting from alleged negligent maintenance of a bridge approach. Cases consolidated for trial. Verdicts and judgments for plaintiffs. Defendant appeals. Reversed, and judgments ordered entered for defendant.

*Woodruff & Woodruff* and *Atkinson, Ortman & Shock* (*Frank W. Atkinson,* of counsel), for plaintiffs.

*Harry S. Toy* and *Oscar A. Kaufman,* for defendant.

NORTH, J. These two suits, consolidated in one appeal, are for damages sustained by the plaintiffs as a result of an automobile accident. Upon trial in the circuit court without a jury, plaintiffs each had judgment. The defendant has appealed.

About 6:30 in the morning of February 6, 1925, Clarence Humphrey, husband of plaintiff Ruth E. Humphrey, was riding in a Ford automobile owned and driven by the plaintiff David McArthur. Another man was riding with them to the Ford factory, where they were employed. Due to heavy fog, visibility was very bad. As they were going along Fordson road, they reached the point where it forked into Dix avenue near the approach to the bridge over River Rouge. From their junction point the two highways use the same approach. A driver coming from the Fordson road to the bridge must turn his vehicle to the right, while one coming from Dix avenue must curve somewhat to the left. The southerly bank of River Rouge at this point is at least 20 or 25 feet north of the northerly line of Dix

avenue. If one driving northerly on Fordson road at its junction with Dix avenue continued straight ahead he would cross Dix avenue, pass over an intervening strip of land and go over the bank into River Rouge. Or if after passing Dix avenue he bore somewhat to his right he would meet with the same fate. At the time of the accident there were barriers on either side of the bridge approach extending from 10 to 20 feet westerly from the bridge proper. On the morning in question, driving very slowly and finally practically stopping his car, Mr. McArthur reached the point where he saw to his right what he supposed was the southerly barrier. He proceeded onto what he thought was the approach to the bridge. He was mistaken. The barrier which he had observed was in fact that on the northerly side of the approach. Passing this and going down a slight grade, he soon discovered he had entirely crossed over the approach to the bridge and was heading toward the river. He applied his brakes, but, due to the icy condition, was unable to stop. His car passed over the bank and went some considerable distance out into the stream. Mrs. Humphrey's husband was drowned, but Mr. McArthur and the other man succeeded in getting back to shore.

Plaintiffs predicate their right to recover on defendant's alleged negligence in failing to safeguard the approach to the bridge by proper barriers, and also its failure to properly light the bridge so that persons attempting to cross in the dark would be able to locate the approach. Defendant urges that it was not guilty of negligence, and that Mr. McArthur was guilty of contributory negligence barring recovery in both cases.

We pass the question of defendant's negligence, because we find the issue of contributory negligence controlling. Mr. McArthur testified:

"It was a real foggy morning. * * * It was real dark in February. * * * Awfully foggy, * * * couldn't see very far, it was so foggy. * * * When I approached it (the bridge) I don't believe I was going over 10 miles an hour, and there is a kind of a curve in there and so I slowed down there because I was not real sure where I was, and just as I slowed down and was ready to stop, why we seen the railing on the bridge and the thing that was on the right-hand side; we thought we was all right, so I started up again, but there was a railing on the left-hand side, instead of making a curve we went right straight across; it was so foggy we couldn't see; it just came up for an instant. * * * After I started up, I wasn't going over five miles an hour. * * * We went over the bank and about 10 feet down into the water and between 22 and 25 feet to the bottom. * * * No, sir, we didn't see a light (on the bridge) that morning. * * * I had driven over it (the road) for two years, not every day, but pretty near. * * * I knew the road, yes. * * *

"*Q.* Did it ever appear to you as being a dangerous place?

"*A.* Yes sir. * * *

"*Q.* Do you remember distinctly what the situation was as you approached the bridge that morning?

"*A.* Yes. I knew you couldn't see anything, it was so foggy.

"*Q.* Did you have your headlights on?

"*A.* Yes, sir; windshield open. * * *

"*Q.* How far ahead of the car could you see at that time?

"*A.* I don't think you could see without there was an object; * * * you could see a light maybe 50 or a 100 feet; something like that, at times, not at all

times of course; sometimes you would run into a heavy bank (of fog), then again it would be a little bit lighter. * * * Fordson * * * was paved for a short distance. It did run up to Dix avenue. * * * I could see where we left the pavement. * * * That is where I began to slow down, to stop, to see where to make my turn.

"*Q.* How far ahead of you could you see the pavement in front of your car?

"*A.* Well, maybe 50 feet, something like that. * * *

"*Q.* And as you got to this dirt road (at Dix avenue) how far ahead could you see the road?

"*A.* Well, I don't know. I did not see the road; I was looking for the road. * * * I seen the railing on the bridge and it was only just for an instant and I thought it was the right-hand railing; instead of that it was the left-hand railing; then it disappeared. * * * You are supposed to make a right-hand turn, that is, to go onto the bridge.

"*Q.* If you kept straight on on Fordson you would go straight into the river?

"*A.* Yes, sir, the same as I did. * * * I should judge I went off of Dix avenue about 10 feet from the bridge abutment."

Annotation of numerous cases relative to the duty of the driver of an automobile whose vision is obscured by dust, smoke, or atmospheric conditions will be found in 37 A. L. R. 587, and 73 A. L. R. 1026. The reported case in 37 A. L. R. 586, *Castille* v. *Richard,* 157 La. 274 (102 South. 398), quoting syllabus, holds:

"Drivers of automobiles on narrow road approaching in opposite directions, who failed to stop until impenetrable cloud of dust raised by third automobile in passing one of them had subsided, held negligent."

In some jurisdictions an automobile driver who proceeds while he is unable to see any appreciable

distance ahead because of foggy conditions is held negligent as a matter of law. *Albertson* v. *Ansbacher,* 102 Misc. Rep. 527 (169 N. Y. Supp. 188); *Solomon* v. *Duncan,* 194 Mo. App. 517 (185 S. W. 1141). More often, as in *Castille* v. *Richard, supra,* cases of this character are held to present issues of fact. *Marsh* v. *Burnham,* 211 Mich. 675, and cases in A. L. R. notes above cited. We have consistently held that driving an automobile at a speed which prevents stopping within the range of vision is negligence. *Lett* v. *Summerfield & Hecht,* 239 Mich. 699. In the *Lett Case* and others we have applied the rule when visibility was affected by fog or other atmospheric conditions. *Elrich* v. *Schwaderer,* 251 Mich. 33; *Bowmaster* v. *DePree Co.,* 252 Mich. 505.

"Where the view of an automobilist is obscured by smoke or weather conditions, or is cut off by an obstruction, or where his eyes are blinded by the sun, or by lights, he is required to exercise care and caution in keeping a lookout commensurate with the increased danger." 3-4 Huddy, Automobile Law (9th Ed.), § 50.

In the instant case the driver of the automobile was familiar with all the conditions of the highway. He knew it was of a dangerous character at this particular place. While a different rule might apply to a stranger on this highway (*Hoffman* v. *Southern Pacific Co.,* 84 Cal. App. 337 [258 Pac. 397]; *McFadden* v. *Railway Co.,* 157 Wash. 437, 289 Pac. 1), Mr. McArthur was clearly negligent because he was chargeable with full knowledge of the situation, and was bound to act accordingly. His negligence is imputed to Mrs. Humphrey's decedent. We need not hold Mr. McArthur was guilty of negligence as a matter of law, but we do find he was negligent in fact. Decision to the contrary in the circuit court

was against the preponderance of the evidence. (Court Rule No. 59, § 7).

The judgment entered will be set aside, the cases remanded, and judgments entered for defendant. Costs to appellant.

CLARK, C. J., and McDONALD, POTTER, SHARPE, FEAD, WIEST, and BUTZEL, JJ., concurred.