EWALD OLLGAARD v. CITY OF MARSHALL.
W. A. OLLGAARD v. SAME.[1]

October 11, 1940.

No. 32,507.

[1]Reported in 294 N. W. 228.

*J. V. Williams* and *A. R. English,* for appellant.

*Hall, Catlin & Gold* and *P. M. Meehl,* for respondents.

HOLT, JUSTICE.

About an hour after midnight March 18, 1939, plaintiff Ewald Ollgaard, driving north on Fifth street in defendant city in a Ford coupé with two companions, failed to notice that the street was not traveled north of its intersection with Pleasant avenue, and before he was aware of danger the car plunged into Redwood River. The occupants of the car suffered certain injuries, and the car was wrecked. The plaintiff Ewald Ollgaard sued the city, claiming that its negligence caused his injuries. The plaintiff W. A. Ollgaard, as owner of the car, sued to recover for its destruction. The two actions were consolidated for trial. Each plaintiff recovered a verdict. The city moved in the alternative for judgment notwithstanding the verdict or a new trial in each case, and the city appeals from the orders denying the motions *in toto.*

There need be no reference to the case of W. A. Ollgaard, for the jury was charged that no verdict could be rendered in his favor unless the plaintiff Ewald was entitled to recover. We take it that Redwood River runs southeasterly through the city, the larger part of which is south of the river; that as platted Fifth street ran northeasterly at right angles across the river; that Pleasant avenue parallels the south bank of the river, crossing Fifth street at right angles, and that High street parallels the north bank of the river, being the first street crossing Fifth street north of the river. Up to about 25 years ago Fifth street was bridged across the river. The testimony does not disclose how or why the bridge was removed. Now the westerly part of Fifth street as platted northerly of Pleasant avenue is used as a driveway into the garage of Mr. Robinson, whose home fronts Pleasant avenue and the lot whereon it is erected runs northeasterly along Fifth street

to the river. That part of Fifth street easterly of the driveway and north of Pleasant avenue has for many years been used by the occupants of the Robinson home as a vegetable garden. From photographs taken in the middle of November, 1939, the ground used for garden had essentially the same appearance as it had at the time of the accident, it not being covered by snow at either time. The surface of the river is seven or eight feet lower than the banks. The north bank is abrupt. The south bank is described as having a shelf a few feet below the brink. There seems to be no occasion to more minutely describe the *locus in quo* in order to decide the questions presented by the appeal.

Defendant earnestly contends that with the going out of the bridge it abandoned all rights of easement in and to Fifth street between Pleasant avenue and High street, hence no duty or obligation existed in regard to the condition of the part abandoned, and therefore it is entitled to judgment notwithstanding the verdict. The argument is that although Fifth street between Pleasant avenue and High street had been a public street used and maintained by the city as such, it had been abandoned by the city for over 20 years, and therefore there was no duty with respect to any danger to travelers from any conditions of platted Fifth street north of the north line of Pleasant avenue. We think this contention unsound both in law and fact. There can be no doubt that the driveway into the Robinson home has always been a part of the street and open to public use and, with the part of the platted Fifth street east of the driveway, constituted the approach to the bridge connecting with the northerly bank of the river. Even if the city may abandon the maintenance of a public street, the dedication of which it has accepted by actual opening of the same, as here, it still has some duty in respect to not leaving the abandoned part in the shape of a pitfall or trap to wayfarers. And that was the theory

upon which the case was submitted to the jury. The use made by abutting owners of part of the platted street for garden purposes can hardly under our statute be of much legal significance, since the public easement may not be acquired by adverse possession. 2 Mason Minn. St. 1927, § 9186. Photographs of the conditions existing at the place of this mishap to plaintiff Ewald were introduced, and to better understand the evidence the jury during the trial was sent out to view the location. We think the principles discussed and authorities cited in Briglia v. City of St. Paul, 134 Minn. 97, 158 N. W. 794, L. R. A. 1916F, 1216, and Miller v. City of Duluth, 134 Minn. 418, 159 N. W. 960, demonstrate that the city was not as a matter of law entitled to a directed verdict on the ground that by abandonment it had been absolved from every duty in respect to the condition of the platted part of Fifth street north of Pleasant avenue.

Nor do we think defendant was entitled to a directed verdict upon the ground that the plaintiff Ewald was as a matter of law guilty of contributory negligence. It was nighttime. It was his first visit to the city. He testified he saw the headlight of a car moving westerly on High street turn and pass northeasterly over Fifth street as he was crossing Pleasant avenue. The Robinson driveway continues northerly beyond Pleasant avenue, and the bare ground where the garden had been was apparently of the same color as the black-top Fifth street upon which he was driving. The question of Ewald's contributory negligence was for the jury, and the court did not err when judgment notwithstanding the verdict was denied upon that ground.

There is also the claim that the evidence does not sustain the verdict. It is said that the situation was not such that ordinarily prudent persons, having the charge of public streets, could reasonably expect that travelers might mistake the abandoned Fifth street north of Pleasant

avenue and east of the driveway as an open travelable street. Numerous cases from this and other jurisdictions are cited and quoted from. But nothing would be gained by pointing out wherein each case differs in fact from the present. Apparently Redwood River as it passes through defendant city is more like a drainage ditch through a flat landscape. There is no valley on either side of the channel, warning the traveler of the approach to a stream. The argument is also strongly pressed that the evidence does not sustain the finding implicit in the verdict that plaintiff was not guilty of contributory negligence. We have already stated our conclusion that his negligence does not appear as a matter of law. Cases from Iowa and Michigan cited are not of much assistance for in both the burden is on a plaintiff to show absence of contributory negligence. Humphrey v. County of Wayne, 257 Mich. 398, 241 N. W. 212, was particularly stressed on the argument—a case where plaintiff was held as a matter of fact to have had full knowledge of the danger of the situation. Our case of McHugh v. City of St. Paul, 67 Minn. 441, 70 N. W. 5, is also cited. It is to be noted that the plaintiff there was also familiar with conditions existing. The evidence sustains the finding that Ewald was not proved guilty of any negligence that contributed to his injury.

Errors are assigned upon rulings in respect to the admission and exclusion of testimony given by the witnesses Hess and Sherman; but neither in the brief of the city nor in the oral argument was anything referred to in such rulings that is claimed to be prejudicial to the city. And a reading of the record of those two witnesses does not disclose any error meriting mention. The same holds true as to errors. assigned upon refusal to give instructions requested by the city, and the exception to four separate sentences of the charge. We deem errors assigned but not discussed, either in the brief or oral argument, abandoned.

Affirmed.